UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RON BOUNDS,

          Plaintiff,

      v.

MAGGIE MILLER-STOUT, et. al.,

         Defendants.

NO. CV-07-281-EFS

**ORDER GRANTING DEFENDANTS'
MOTION FOR JUDGMENT ON THE
PLEADINGS**

Before the Court, without oral argument, is Defendants' Motion for Judgment on the Pleadings. (Ct. Rec. 26.)  After reviewing the submitted material and relevant authority, the Court is fully and informed and grants Defendants' motion.  The reasons for the Court's Order are set forth below.

## I. Background

Plaintiff Ron Bounds is a *pro se* prisoner currently incarcerated at the Airway Heights Corrections Center.  In July 2005, Plaintiff began working for the Washington Department of Corrections in the Correctional Industries (CI) work program.  Approximately two (2) months after starting work, CI supervisors allegedly informed Plaintiff that he was no longer eligible to work for CI because he was serving a life sentence for Murder 1 and Attempted Murder 1.  Plaintiff unsuccessfully appealed

ORDER * 1

the CI supervisors' decision.  Having exhausted his administrative remedies, Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging Defendants violated his equal protection rights by denying him employment in the CI work program.

## II. Discussion

### A. Standard

     "After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).  Rule 12(c) motions are functionally identical to Rule 12(b) motions, so the same standard applies. *Dworkin v. Hustler Magazine, Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989).  That is, "[j]udgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir. 1989).  In reviewing such motions, courts must construe "all material allegations of the non-moving party as contained in the pleadings as true, and [construe] the pleadings in the light most favorable to the [non-moving] party." *Doyle v. Raley's Inc.,* 158 F.3d 1012, 1014 (9th Cir. 1998).  Conclusory allegations, however, without more, are insufficient to defeat a motion for judgment on the pleadings. *McGlinchey v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir. 1988).

### B. Equal Protection Claim

     Plaintiff alleges that Defendants violated the Equal Protection Clause by excluding him from the CI work program based on his life sentence.  (Ct. Rec. 32 at 4.)  Defendants respond that dismissal is

appropriate because Plaintiff is neither a protected class member nor constitutionally entitled to employment at prison.  (Ct. Rec. 27 at 3.)

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985).  In addressing an equal protection claim, courts must first decide the applicable level of scrutiny.  Strict scrutiny applies if the at-issue policy discriminates against a suspect class or infringes upon a fundamental right. *Nordlinger v. Hahn,* 505 U.S. 1, 10 (1992).  In the absence of an articulated suspect class or fundamental right, policies and statutes are examined under the rational basis standard because "legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality."  *Id.*

Prisoners are not a suspect class, *Glauner v. Miller,* 184 F.3d 1053, 1054 (9th Cir. 1999), and Plaintiff articulates no other suspect class necessitating strict scrutiny review.  Plaintiff also fails to articulate a constitutional right at issue.  *See James v. Quinlan,* 866 F.2d 627, 630 (3d. Cir. 1989), *cert. denied,* 493 U.S. 870 (1989) (recognizing that prisoners have no entitlement to a specific job, or even to any job); *Bulger v. U.S. Bureau of Prisons,* 65 F.3d 48, 49 (5th Cir. 1995) (noting that prisoners have no constitutionally protected liberty or property interests *per se* in their prison job assignments).  While it is true that, in limited circumstances, constitutionally protected liberty interests may arise from state laws, no such rights arise when the state

law at issue grants significant discretion. *See In re Pers. Restraint of Cashaw,* 123 Wn.2d 138, 144 (1994). RCW 72.09.460 is such a statute because it confers considerable discretion to the DOC in determining how to allocate inmate jobs.[1] Accordingly, rational basis is the appropriate review standard.[2]

Even viewing the pleadings in Plaintiff's favor, judgment as a matter of law is appropriate. RCW 72.09.460's purpose is to provide inmates employment. When drafting the statute, the legislature recognized that there are often more inmates than there are jobs. RCW 72.09.460(2). To address this problem, the legislature tasked the DOC with selecting eligible inmates to work, using the following factors as a guide:

1)    An inmate's release date and custody level;

2)    An inmate's education history and basic academic skills;

3)    An inmate's work history and vocational or work skills;

4)    An inmate's economic circumstances, including but not limited to an inmate's family support obligations; and

5)    Where applicable, an inmate's prior performance in department-approved education or work programs.

---

[1]RCW 72.09.460(2) states: "The department must make every effort to achieve maximum public benefit by placing inmates in available and appropriate education and work programs."

[2]Plaintiff impliedly recognizes that rational basis is the proper review standard by arguing in his memorandum that prison policies resulting in unequal treatment must be reasonably related to a legitimate penological interest. (Ct. Rec. 32 at 1.)

ORDER * 4

1   RCW 72.09.460(5)(a)(i)-(v).

2       Plaintiff is correct that inmates may not be precluded from

3   participating in a work program based *solely* on his or her release date.

4   But Defendants informed Plaintiff that his release date was one of many

5   factors considered in determining that he was not eligible for the CI

6   work program. (Ct. Rec. 20 at 4.)  The decision not to hire Plaintiff,

7   therefore, was rationally related to the legitimate interest of

8   effectively prioritizing employment among inmates.  So even viewing the

9   facts in Plaintiff's favor, he fails to state an Equal Protection

10  violation.

11      Accordingly, **IT IS HEREBY ORDERED:**

12      1. Defendants' Motion for Judgment on the Pleadings **(Ct. Rec. 26)**

13  is **GRANTED.**

14      2. Judgment of dismissal shall be entered **with prejudice;** and

15      3. This file shall be closed.

16      **IT IS SO ORDERED.**  The District Court Executive is directed to enter

17  this Order and provide a copy to counsel and Plaintiff.

18      **DATED** this ____19th____ day of August 2008.

19

20                    _____
                              S/ Edward F. Shea

21                            EDWARD F. SHEA
                         United States District Judge

22

    Q:\Civil\2007\281.Dismiss.wpd
23

24

25

26

ORDER * 5